### MARCUS v. ORANGE MEMORIAL HOSPITAL ASSOCIATION,
### Inc., et al.
No. 61228.
Circuit Court, Orange County.
May 26, 1965.

Anthony W. Cunningham and William Wagner of Nichols, Gaither, Beckham, Colson & Spence, Orlando, for petitioner.

William H. Robbinson of Akerman, Senterfitt, Eidson, Mesmer & Robbinson, Orlando, for respondents.

GEORGE E. ADAMS, Circuit Judge.

This cause came on to be heard before the court upon final hearing herein upon petition of George Marcus for a mandatory injunction requiring that the Orange Memorial Hospital be re-

quired to permit petitioner herein to examine the hospital records of Norma Jean Marcus and James Thomas Marcus, and be permitted to obtain copies of said records at petitioner's expense.

The Orange Memorial Hospital Association, Inc., has answered the petition denying each allegation thereof and stating now, as on motion to dismiss, that the petition fails to state a cause of action on which equitable relief can be granted at the trial. It was admitted that on February 29, 1964, Norma Jean Marcus, the wife of the petitioner, did enter said hospital as a patient and did on said day give birth to a male child, James Thomas Marcus, the son of the petitioner; that on said date, while patients in said hospital, Norma Jean Marcus and James Thomas Marcus did die.

The hospital administrator, Mr. Quinn, testified that he refused to exhibit the hospital records to petitioner herein and refused to give the petitioner the information contained in these records. He further testified that it was hospital policy to permit examination and copying of hospital records by the patient of the hospital or by the persons having the patient's permission to examine and copy these records. The copies are prepared by the hospital at the expense of the person requesting the copies. Mr. Quinn stated that he, as administrator of the hospital, refused to give copies of the hospital records or permit examination of the hospital records by George Marcus for the reason that the hospital's insurance company had advised him not to exhibit or give copies of the records to petitioner. He further testified that he knew of no other place where the information contained in the hospital records could be obtained by petitioner, and he knew of no other way that petitioner could obtain the information contained in the hospital records other than by examination of said records.

Respondent herein states to the court that the Florida Rules of Civil Procedure provide adequate means for discovery of the information contained in the hospital records—that immediately upon suit being filed, the information is available under said rules. Respondent admits that the rules do not provide a method for obtaining the above information prior to a suit. Respondent further urges that these records are owned by the hospital and that they may not be required to furnish copies of the records.

Petitioner has alleged and has testified that he has never received an adequate explanation from the hospital, or from the doctors in attendance at the death of his wife and child, as to the cause of the deaths.

Insofar as this court can determine, this case is a case of first impression in the state of Florida; and there seems to be very little authority in other states passing directly upon the proposition herein raised. The court of common pleas in the state of

Ohio in Wallace v. University Hospital of Cleveland, 164 N.E. 917, held that a patient in a hospital had a property right in the information contained in the records of the hospital, though the hospital was the owner of the records themselves. The court pointed out that the patient had the right to access of such records, as they might be needed in future medical treatment, or by an attorney or his expert to illuminate questions of damage in a pending claim. The court of common pleas was affirmed, though the decree was modified somewhat by the court of appeals. The case had been accepted by the Supreme Court of Ohio for decision as being one of great public interest when the hospital agreed to give the plaintiff all information and all relief requested in the suit in the court of common pleas—thus rendering the question moot.

The United States district court held in Pyramid Life Insurance Company v. Masonic Hospital Association, 191 F.Supp.51, that an insurance company, which company had authorization of a patient, had the right to a mandatory injunction requiring the hospital to permit the company to examine and copy such records, and held that the keeper of such records does not have the right to possess the information constituting the records to the exclusion of the patient, his representative or those standing in his shoes.

The petitioner herein has, under Florida statutes, a cause of action against persons who may have caused the wrongful death, if there was a wrongful death, of his wife and son. It seems to this court, therefore, that this petitioner stands in the shoes of the patients whose records are the subject of this proceeding and that he has a property right in the information contained in those records which information has been denied him. It further appears that petitioner has no other remedy other than a proceeding in equity to obtain such information.

The court cannot help but comment that by necessity because of sanitary, emotional and other problems, hospitals must necessarily exclude members of the patient's family from operating and delivery rooms and other parts of the hospital where a patient may be receiving care and treatment  There is, therefore, much that a member of the family does not know and may not learn other than by information given him by others. There is a sufficient aura of mystery surrounding what occurs in a hospital without the hospital refusing to exhibit its records to the patient or to the patient's personal representative, his heirs at law or those who may have a cause of action by reason of injury to or the death of the patient. It would seem, therefore that equity and good conscience would require the hospital to exhibit these records to the petitioner herein whose wife and child died while

in said hospital, and equity and good conscience would also require this court to require the hospital to so exhibit said records should the hospital not voluntarily do so; it is, therefore,

Ordered and adjudged that the Orange Memorial Hospital Association, Inc., be and it is hereby required to furnish copies of the hospital records of Norma Jean Marcus and James Thomas Marcus to the petitioner herein at the petitioner's expense within five days of the date of this order.